(31 Misc. Rep. 627.)

THOMPSON v. EASTON et al.

(Supreme Court, Special Term, Onondaga County. May, 1900.)

1. CONTRACTS—BREACH—DAMAGES.

Defendant agreed to pay plaintiff a certain sum in raspberry tips, to be delivered in a certain year, or, if impossible to be grown or delivered in that year, in the subsequent year or years. *Held*, that defendant was bound to deliver each year such quantities as he reasonably could, and could not wait till he had raised in one year a sufficient amount to fill the entire contract; and hence, having raised a portion of the amount the first year, and not having delivered the same, he was liable in damages for the value thereof, but not for the value of the entire quantity, since he still had the privilege of delivering the balance when grown.

2. SAME—ACTION—DEMAND.

Where defendant agreed to deliver a certain quantity of plants in a certain year, or, if impossible to be grown or delivered, in the subsequent year or years, a demand on him for delivery was not a prerequisite to the commencement of an action against him for failure to deliver the quantity grown the first year.

Action by Edwin G. Thompson against Samuel H. Easton and another. Judgment for plaintiff.

George Barrow, for plaintiff.
F. E. Stone, for defendants.

HISCOCK, J. The contract involved was in writing. It provides:

"That in consideration of the surrender of all the claims that the said Edwin Thompson or his wife may have against Albert H. Easton, viz. notes, judgments, mortgages, or claims of any kind whatsoever, the said S. H. Easton agrees to pay to said Edwin Thompson the sum of three hundred dollars, in the following manner, viz.: To raise raspberry tips or plants, and deliver to said Thompson, at the wholesale price of such plants, an amount to the value of three hundred dollars in the year first above written [1897], if he can; but if he cannot, from any cause, raise them in that year sufficient to amount to that sum, then he shall have the privilege of time in subsequent year or years to do so; said plants to be delivered on the premises of said S. H. Easton."

And, again, said Thompson—

"Agrees to take of said S. H. Easton raspberry tips or plants to the value of three hundred dollars, to be delivered to him on said S. H. Easton's premises, and in payment for them to deliver to said S. H. Easton all claims ❋ ❋ ❋. Said plants to be received by him in the year first above written, or if, from any cause, they cannot be grown or delivered in that year, in the subsequent year or years."

This contract was guarantied by the defendant Charles F. Easton in the language following: "I guaranty that the plants or tips mentioned in the within article be delivered in good marketable condition." Plaintiff performed his part of the agreement, and canceled and surrendered up his mortgages, etc. Defendants never delivered or offered to deliver, or were ready to deliver, to plaintiff any raspberry tips in 1897, but in the spring of 1898 did offer to deliver the same to him. I think it is a fair inference from the evidence that in the year 1897 the defendant Easton had raised, and had on hand, in the ground, good, fair marketable tips or plants, to the number of 10,000, which were fairly worth, at the wholesale price, from $12 to

$15 per 1,000, and which could have been reasonably paid upon or delivered under this contract. No demand was ever made upon defendants for the delivery of these plants before this action was commenced. Plaintiff claims that the failure to deliver the 10,000 marketable plants within the year 1897 was such a breach of contract upon their part as entitled him, without demand, to recover the entire sum of $300 and interest; and defendants, upon the other hand, claim that, under the contract quoted from, defendants were not bound to deliver any plants until they had ready for delivery plants to the amount and value of the entire sum of $300, and, furthermore, that no action could be brought without prior demand upon them. In my judgment, neither side is entirely right. The first question is whether, under the contract, defendants could, as claimed by them, wait until they had on hand, fairly marketable and ready for delivery, the entire amount and value of $300 worth of raspberry tips, or whether they were bound to deliver in the year 1897 as many such as they then had, and then to make up the deficiency from year to year as they reasonably could. It seems to me that the latter is the fairer construction and interpretation of this contract. There is little or no evidence in regard to the capacity which defendants had of producing these plants. Under the valuations given upon the trial, it would take 20,000 or upward to fill the contract. It might be that they would never be able, upon their place, to produce in one year such a number and amount as this, so as to fill their agreement in one year and by one delivery, and that in this way and for this cause they could indefinitely postpone the payment of plaintiff's claim. It would certainly be easier and within a more limited capacity to raise 8,000 or 10,000 or 12,000 plants in one year, and deliver them, and then fill up the deficiency in a year or two more. It would undoubtedly be entirely within the limits of reason that they should do this, and plaintiff could doubtless compel them to do it, and not be indefinitely postponed. In addition to this, the wording of the contract seems to bear this interpretation. The defendant S. H. Easton was to pay or deliver to plaintiff raspberry tips or plants, at the wholesale price of such plants, to value of $300, in the first year, 1897, if he could; but if he could not, from any cause, "raise them in that year sufficient to amount to that sum," then he was to "have the privilege or time in subsequent year or years to do so." Again, it was provided that, if the plants could not be grown and delivered in the year 1897, they were to be in the "subsequent year or years." Now, I think, the fair meaning of this is that Easton was to raise and deliver all the plants he could in the year 1897; that, if he could not make out the full amount in that year, then he was to make up the deficiency in the next year, if he could, and, again, if he could not make up the entire deficiency in the next year, then he was to do it in the following year, and so on; that this was the meaning of the phrase that, if the plants could not all be raised and delivered in the year 1897, it was to be done in the subsequent "year or years." The reasonable meaning of these words seems to be that, if the plants could not all be raised in one year, then two or more years might be taken in which to fill out the amount; that the delivery might possibly extend through "years,"

and not be completed in one year. If this reasoning is correct, then the Eastons were bound, under their contract, to deliver to plaintiff the 10,000 plants in the year 1897. They made default in this engagement. Under their contract, these plants were to be delivered at a specific place within a specific time, which was not done, and they became in default for not doing it, without any demand upon the part of the plaintiff. 9 Am. & Eng. Enc. Law (2d Ed.) 201. In addition to this, they were not prepared to deliver the plants even if the demand had been made upon the last day of December in that year, and the demand would have been nugatory.

Upon this reasoning, plaintiff would be entitled to recover damages to the amount of the value of the plants which should have been so delivered. I do not think, however, that he is entitled to recover the entire sum of $300 by reason of this breach. After the payment and delivery of such plants as could be delivered in the year 1897, the time became indefinite within which the balance could be delivered. They were to be delivered as they could be raised, and I think that it then became incumbent upon plaintiff to make a demand upon the defendants before he could put them in default so as to bring an action for damages for failure to deliver any plants which could have been reasonably delivered. This he did not do. Upon the other hand, he declined to accept the plants from the defendants. 9 Am. & Eng. Enc. Law (2d Ed.) 201. The plaintiff's theory is that, by failure to deliver plants ready to be delivered in 1897, there was a breach and default upon the entire contract, but that does not seem to me to be so. Here was a note payable in installments by the delivery of certain personal property. Under the facts as I have found them, the first installment of 10,000 plants became due in 1897, and the defendants made default in its payment, and for that default an action is maintainable. The balance of the note, or the other installments, became due at some future indefinite time; and the failure to properly meet such further installments or obligations would be another breach, for which proper damages could be recovered. Findings and judgment, therefore, may be prepared in favor of the plaintiff, and in accordance with the views hereinbefore expressed, with costs.

Judgment for plaintiff, with costs.